**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**KIDIA M. TYLER,**

      Plaintiff,

      v.                                        **Case No. 14-C-955**

**MILWAUKEE AREA OFFICE,**

      Defendant.

## DECISION AND ORDER

On August 13, 2014, this Court entered an order denying pro se Plaintiff Kidia M. Tyler's ("Tyler") request for leave to proceed *in forma pauperis* on her civil action against the Milwaukee Area Office of the Equal Employment Opportunities Commission ("EEOC") and her motion for appointment of counsel, dismissing the action with prejudice as frivolous. (ECF No. 7.) Final judgment was entered. (ECF No. 8) The Court also found that Tyler had not been truthful in her Complaint because she answered "no" to question I.B. regarding whether she started any prior federal or state lawsuits. Because it found the action legally frivolous the Court did not offer Tyler the opportunity to amend the Complaint, believing any amendment would be futile.[1] *See Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013) (internal citation omitted) ("Leave to amend need not be granted . . . if it is clear that any amendment

---

[1] The Court allowed Tyler to file an amended Complaint in *Tyler v. CNH Global et al.*, Case No. 14-C-956 (E.D. Wis.) which was filed the same date.

would be futile.").

In the wake of the dismissal of the action, Tyler states that she found Complaint form questions I.A. and I.B. confusing because they use "begun" not "filed" regarding prior lawsuits, and she has corrected the information. She also states that she made a mistake and should have named the Department of Workforce Development Equal Rights Division (the "ERD"), not the Milwaukee Office of the EEOC.

After final judgment is entered, a plaintiff may amend her complaint with leave of the court following a motion to set aside the judgment under Rule 59(e) or Rule 60(b). *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.,* 383 F.3d 552, 558 (7th Cir. 2004). A "court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Id.*

Courts must construe pro se pleadings liberally, *see Ambrose v. Roeckeman,* 749 F.3d 615, 618 (7th Cir. 2014), however, a plaintiff's pro se status does not absolve her from complying with the federal and local procedural rules. *See Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)). Tyler has not filed a motion for relief from the judgment. She also has not filed a proposed amended Complaint as required by Civil L.R. 15(b) (E.D. Wis.).

Moreover, even if Tyler obtained relief from the judgment, her proposed

amendment to the Complaint substituting the ERD as a defendant would be denied as futile under Rule 15(a)(2) because the reasoning regarding the EEOC is applicable to the ERD acting in the same capacity.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Tyler's motion to amend (ECF No. 11) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2014.

                          **BY THE COURT:**

                          */s/ Rudolph T. Randa*
                          **HON. RUDOLPH T. RANDA**
                          **U.S. District Judge**